STATE ex rel. BOARD of GOVERNORS of REGISTERED DENTISTS of OKLAHOMA v. RIFLEMAN.

No. 33767.   July 11, 1950.

*220 P. 2d 441.*

Wheeler & Wheeler of Tulsa, and Mac Q. Williamson, Atty. Gen., and Fred Hansen, First Asst. Atty. Gen., for plaintiff.

S. J. Clendinning, of Tulsa, for defendant.

ARNOLD, V. C. J. By this proceeding this court is asked to review the record of certain proceedings by the Board of Governors of the Registered Dentists of Oklahoma which resulted in the suspension of the license of defendant to practice dentistry (59 O. S. 1941 §279).

On July 1, 1948, there was filed before the Board of Governors a complaint charging Dr. C. E. Rifleman with infractions of certain provisions of the Dentistry Act. On July 6, 1948, Dr. Rifleman received written notice by registered mail that a committee appointed by the Board of Governors would conduct a hearing on July 15, 1948, in the city of Tulsa upon the complaint so filed, said notice being signed "John Wheeler, Jr., Secretary." Wheeler is a member of the Bar Association but is not a member of the Organization. Dr. N. Dea Griffith, D. D.S., was at the time the Secretary of the Organization and of the Board of Governors. Pursuant to said notice the defendant appeared in person and by attorney at the time and place fixed for said hearing and filed the following special appearance and challenge to the jurisdiction of the committee to proceed:

"Comes now the defendant and appears specially and objects to the jurisdiction of this Committee and the jurisdiction of the Board appointing this Committee, upon the ground and for the reason that the Committee is not a legally appointed Committee, nor those appointed are not legally appointed, constituted and acting members under the Statutes of the State of Oklahoma."

This special appearance and challenge to the jurisdiction was overruled and exceptions reserved.

Thereafter the hearing was conducted by the committee and at its conclusion it made written findings and recommendations which were duly filed with the Board of Governors. Based upon those findings and recommendations by the committee, the Board of Governors entered an order suspending the license of the defendant for a period of 60 days on each of two charges, said suspensions to run concurrently.

Upon the filing of defendant's petition for review the Clerk of this court notified the Board of Governors thereof as required by section 279, id., and the Board of Governors filed in this court a full and complete transcript of all proceedings had in said cause. In his petition for review the first ground of complaint reads:

"That the Committee, supposedly appointed by the Board of Governors of the Registered Dentists of the State of Oklahoma was not a duly and legally constituted Committee and, as such, was without legal and statutory authority to conduct said hearing."

At the time the challenge to the appointment and jurisdiction of the committee was made and overruled, there was no record available to show the appointment and jurisdiction of the committee, but it was stipulated and agreed that this essential record might be furnished to the defendant and attached to the transcript when filed in this court for review. This was done and the purported authority of the committee as then constituted to act in the premises is before this court for consideration in its review and determination of this appeal.

The record so furnished to the defendant and attached to the transcript on this appeal is a brief paragraph from the minute book of the Oklahoma Board of Dental Examiners and reads as follows:

"Copied from page 157 of the minute book of the Oklahoma Board of Dental Examiners.

"Dr. Kutch moved that Mr. Wheeler, Dr. Bowyer and Dr. Oliver be appointed as a fact-finding committee in the Tulsa district to investigate the alleged violation of the Dental Act in that dis-

trict. Seconded by Dr. Cole. Motion carried."

This is followed by the words "This is a true copy" and is signed by N. Dea Griffith, D.D.S., Secretary-Treasurer.

This necessitates an examination of the pertinent provisions of the Dentistry Act which show the authority, if any, of the Board of Dental Examiners to appoint this committee and to delegate to it any of the powers of the Board of Governors. The State Dental Act is contained in 59 O.S. 1941, chap. 7, §221, et seq.

Section 222 defines the term "Organization" to mean "The Registered Dentists of Oklahoma" and the term "Board" to mean "The Board of Governors of the Registered Dentists of Oklahoma". Section 232 declares that the members of the Organization shall be all persons now entitled to practice dentistry or dental hygiene in this state, and section 233 provides that all persons legally licensed to practice dentistry upon the effective date of this Act shall become by that fact members of the Organization. Section 234 creates a Board to be known as "The Board of Governors of the Registered Dentists of Oklahoma" to consist of seven members. Section 236 makes the officers of the Organization a president, first vice-president, second vice-president, and secretary and treasurer, and provides that the same person may hold the office of secretary and treasurer. Section 246 declares that the Organization shall be governed by the Board and section 247 declares that the Board shall be charged with the executive functions of the Organization and the enforcement of the provisions of the Act. Section 273 authorizes the Board to examine applicants for licenses and to issue licenses upon satisfactory compliance by the applicant with the requirements named. Section 274 gives similar authority to the Board upon applications made by members of the Organization for license to practice special branches of dentistry. Sec-

tion 275 authorizes the Board to hold examinations and issue licenses to applicants to practice dental hygiene, and section 276 authorizes the Board to issue licenses to practitioners from other states and territories upon application. The fees required of applicants under these various provisions are fixed therein. Section 278 declares:

"The Board shall have power, after a hearing for any of the causes now existing in the laws of the State of Oklahoma, or for a violation of any acts prohibited herein, warranting revocation of license or suspension or reprimand, to revoke a license of a member, or to suspend the use of the same or to discipline by reproval, public or private; . . . ."

It is further provided in said section that:

"The Board shall have power to appoint one or more committees, or one or more referees, or designate one or more members of the Board, to take evidence and make findings on behalf of the Board and forward the same to the Board with a recommendation for action by the Board."

Sections 280 contains this language:

"The Board shall, upon the filing of a written complaint, have power to initiate and conduct investigations of all matters affecting or relating to . . . the practice of dentistry or dental hygiene, or the discipline of the members of the Organization. . . ."

The committee authorized to hold hearings is given authority to subpoena witnesses, administer oaths and affirmations, and to require the production of books, papers and documents pertaining to the matter of investigation. Section 281 provides:

"Any person complained against, as herein provided, shall be given reasonable notice in writing by registered mail and have a reasonable opportunity and right to defend against a charge, so preferred against him, by the introduction of evidence and the right to be represented by counsel and to examine and cross-examine witnesses. He shall also have the right to the issuance

of subpoenas for attendance of witnesses to appear and testify, or to produce books and records, as herein provided."

Section 282 requires that a record of all hearings shall be made and preserved by the Board. Section 301 provides that annual meetings of the Board shall be held at a place and date fixed by the Board and section 303 authorizes special meetings of the Board to be held when called by the President and two members or upon a petition signed by four members of the Board and in case of a special meeting 10 days' notice of the time and place thereof shall be given to all members of the Board.

It is apparent from our examination of the Act that the Board of Governors acts in a dual capacity. It is the executive head of the Organization charged with the enforcement of the provisions of the Act and it also acts as a Board of Dental Examiners. Its duties and powers in each of these two capacities are specifically defined and the nature of the powers conferred and of the duties imposed show clearly a well-defined separation of those powers and duties. When the Board sits as a Board of Dental Examiners under sections 273, 274, 275 and 276, its powers and duties are expressly defined and limited. When sitting as the Board of Governors of the Registered Dentists of Oklahoma it acts in an executive capacity under broad powers and may exercise quasi-judicial discretion. In none of the four sections defining its powers and duties when sitting as a Board of Dental Examiners is there any express or implied authority for it to appoint committees, referees, or any of its members to act in disciplinary matters as it is authorized to do when sitting as the Board of Governors. When a complaint is filed against a member of the Organization it is filed with the Board in its executive capacity as the Board of Governors and it is in this capacity only that the Board is authorized to initiate proceedings against an accused member. It is clear, we think, that when a written complaint is filed with the Board of Governors it acquires jurisdiction of the subject matter of the complaint.

The only record relied upon as showing that the committee which conducted this hearing was appointed by competent authority or that it was legally constituted is the brief paragraph from the minutes of the Board of Dental Examiners heretofore set out. This purported record does not disclose whether a quorum of the Board of Dental Examiners was present when this action was taken, but on the contrary shows the presence of only two members, the one who made the motion for the appointment of the committee and the one who seconded the motion. It does show that the motion carried but it doesn't show the vote cast nor the number of members of the Board of Dental Examiners present and participating in that meeting. It shows affirmatively that it was not the action of the Board of Governors of the Registered Dentists of Oklahoma, the only authority under the Act which has the power to appoint committees to investigate charges as a preliminary to disciplinary action. The Act contemplates that membership of trial committees designated by the Board of Governors shall be members of the Organization. The committee which conducted the investigation of the accused in this instance, purportedly appointed by the Board of Dental Examiners, had as one of its three members a nonmember of the Organization. The investigating committee not being constituted and authorized as provided by law had no authority to conduct the investigation, make findings of fact and recommendations to the Board of Governors. The accused has not had an opportunity to defend against the charges made against him before the Board of Governors and the Board of Governors was without authority to pronounce judgment against the accused in the absence of a hearing before it in a manner provided by law.

298

We are of the opinion and hold that the hearing held before this purported investigating committee over the objection and protest of the accused is a nullity and that its findings and recommendations form no basis for the disciplinary action thereafter taken by the Board of Governors.

The order and judgment of the Board of Governors of the Registered Dentists of Oklahoma suspending the license of Dr. C. E. Rifleman for a period of 60 days is without authority of law and is accordingly reversed.