BOARD OF EXAMINERS IN VETERI-
NARY MEDICINE OF THE STATE of
Oklahoma, Plaintiff in Error,

v.

Frank TUBBS, Defendant in Error.

No. 37289.

Supreme Court of Oklahoma.

Jan. 22, 1957.

Rehearing Denied Feb. 26, 1957.

Roy H. Semtner, Oklahoma City, for plaintiff in error.

Luttrell & Luttrell, Norman, for defendant in error.

BLACKBIRD, Justice.

This appeal involves a question of whether or not the plaintiff in error, this State's Board of Examiners in Veterinary Medicine, may maintain an action in its own name to enjoin a person from practicing Veterinary Medicine without a license, in violation of Tit. 59 O.S.1951 § 676 et seq., as amended by Senate Bill No. 54 of the Twenty-Fourth Session of the Oklahoma Legislature, S.L.1953, pages 273 and 274, 59 O.S.A. §§ 677–690, incl.

After plaintiff in error, as plaintiff, had instituted the action against defendant in error, as defendant, alleging that defendant was engaged in such unauthorized practice and citing the above law allegedly giving said Board authority to enforce it, and praying an injunction to prevent said defendant

from continuing such practice, defendant, by preliminary motions and a demurrer, raised both the question of whether such an action can be maintained, and, if so, whether plaintiff is the proper party to institute it. After these pleadings were overruled, defendant filed an answer in the form of a general denial and, in addition, reiterated his previous allegations that such an action could not be maintained, and that, even if it could, plaintiff was not the proper party to do so.

At the trial, defendant disclosed that he is a farmer; admitted that he has been practicing Veterinary Medicine in Cleveland County many years; and, among other things, testified that he now also practices in four other nearby counties, and derives an income of approximately $500 per month therefrom. He also admitted that he has never had a license to practice Veterinary Medicine (as required by the above-cited statute) and testified that he has never applied to the plaintiff Board for one, because he has never thought he could pass the examination required to be taken for such a license. After examining other farmer witnesses and hearing testimony about the quality and extent of defendant's past work as a veterinarian in both treating and operating upon animals, the trial court rendered judgment in his favor, refusing to grant plaintiff the injunction it sought and dismissing the action on the ground asserted by defendant before the trial, namely: That plaintiff "is without power to maintain" the action, " * * * is not a proper party in interest", and is "not authorized" under the law to maintain such an action. After overruling of its motion for a new trial, plaintiff perfected the present appeal.

Our continued reference to the parties will be by their trial court designations.

■ Plaintiff's contentions of error in the trial court's judgment appear under thirteen propositions in its brief, but it is unnecessary to discuss them in detail. The general tenor of much of its argument is that under Tit. 59 O.S.1951 § 676 et seq.,

and 59 O.S.A. §§ 677–690, supra, said Board is authorized to maintain an action like the present one, even though such authority is not *expressly* granted by said statute. Plaintiff says such authority must be *implied* from the Act as a whole, and that this is the only conclusion consistent with the powers expressly granted said Board in said Act. Defendant, on the other hand, denies that said law authorizes the Board to enforce the Act and even inferentially authorizes plaintiff to institute or maintain an injunction action for that purpose. The rule whose application both parties' arguments concern, without specifically mentioning it, was set forth in the second paragraph of the syllabus in Oklahoma Tax Commission v. Fortinberry Co., 201 Okl. 537, 207 P.2d 301, 302, as follows:

"In addition to the powers expressly given by statute to an officer or board, he or it has, by implication, such additional powers as are necessary for the due and efficient exercise of the powers expressly granted, or such as may be fairly implied from the statute granting the express powers."

In order to determine whether, under the proper application of the above-quoted rule, the plaintiff Board has the power it attributes to itself (and which is denied by defendant) let us examine the above-cited statute as a whole. Its section 676 defines the "practice of veterinary medicine" within the meaning of the Act. Its section 677 provides, among other things, that "each person", before practicing Veterinary Medicine in this State, shall pass an examination as to his qualifications and fitness for such practice; provides that such examination shall be conducted by the Board, sets forth the subjects said examination shall cover; and describes the grades that "shall be required for passage." Section 681, as amended, empowers the Board to adopt "all needed rules and regulations for its government and examinations * * * not in conflict with the provisions of this Act," and authorizes the Board, among other things, "to employ * * * attorneys to serve it as it may determine and direct in

the interest of the public and the veterinary profession * * *". Section 689 authorizes the Board to revoke or suspend the license of any person who practices Veterinary Medicine in the State and outlines the grounds and procedure therefor, including provisions for appeals to the district court from the Board's orders of suspension or revocation. Section 680 provides that the Board shall keep a record, among other things, of all licenses and applicants' official registrations, showing, among other things, when any certificate has been revoked. Section 684 requires every person holding a license to practice Veterinary Medicine to have it recorded in the office of the County Clerk of his residence and makes any one attempting to practice Veterinary Medicine without having such a license so recorded, guilty of a misdemeanor.

We think the foregoing references to the provisions of the Act are sufficient to show that it was thereby intended to require all persons practicing Veterinary Medicine in Oklahoma to have a license issued by the Board of Veterinary Examiners, and to prohibit such practice by anyone not having such a license. The Act's Section 693 making it a misdemeanor punishable by a fine from $50 to $500, or a county jail sentence from 30 days to 6 months, or both, for any person violating, aiding or abetting "in violating any of the provisions" of the Act is the strongest evidence of such legislative intent. To withhold from the Board the power to institute court action to prohibit the practice of Veterinary Medicine in Oklahoma without a license, without authorizing it or some other agency in conjunction with it, to do so, would not only be inconsistent with, but directly contrary to what appears to be the principal purpose, or object, of the Act. It would also render passage of the Act an ineffective means of accomplishing said purpose; and, from a practical standpoint, would largely emasculate the other enforcement powers specifically given the Board. As the court said of the Kentucky State Board of Dental Examiners, with reference to enforcement of the Act regulating the practice of dentistry involved in Kentucky State Board of Dental

Examiners v. Payne, 213 Ky. 382, 281 S.W. 188, 191:

> "The board could make little progress towards enforcing the act, if it was confined to prosecutions to recover the small penalties. If an arrest was made and the highest penalty administered, the practice could be resumed, and, perhaps, many times the amount of the penalty could be collected from ignorant and confiding patrons until the second violation was discovered, if at all, and in the meantime the mischief intended to be prevented would continue unabated."

■ Nor do we think there is substantial merit in defendant's contention that if such an action as the present one is maintainable at all, it must be instituted by, or in the name of, a public prosecutor such as the County Attorney or Attorney General. Defendant cites no authority for such an injunction action having to be brought by the county attorney; and the reasons set forth in the above-cited case for the injunction action there involved not having to be brought by, or in the name of, the attorney general, are sound and applicable to this Oklahoma action the same as it was to that Kentucky action. Title 21 O.S.1951 § 577, cited by defendant, constitutes, by its plain, unambiguous wording, no such requirement for maintenance of such an action.

■ We think the trial court either overlooked the rule of statutory construction reiterated and followed in this jurisdiction, as evidenced by the Oklahoma Tax Commission case, supra, or failed to properly apply it to the statute involved here; and, consequently did not give said statute its proper construction. Accordingly, the judgment of the trial court is reversed and said cause is remanded to said court with instructions to enter judgment for the plaintiff.

DAVISON, HALLEY, JACKSON and CARLILE, JJ., concur.

WELCH, C. J., CORN, V. C. J., and JOHNSON and WILLIAMS, JJ., dissent.