The BOARD OF GOVERNORS OF the REGISTERED DENTISTS of Oklahoma, Plaintiffs in Error,

v.

B. R. CROUCH, Defendant in Error.

Bob RUSHING, Plaintiff in Error,

v.

The BOARD OF GOVERNORS OF the REGISTERED DENTISTS of Oklahoma, Defendant in Error.

Nos. 40223, 40609.

Supreme Court of Oklahoma.

Dec. 17, 1963.

Rehearing Denied April 28, 1964.

S. M. Fallis, Jr., and James E. Poe, Tulsa, for The Board of Governors of the Registered Dentists of Oklahoma.

Edward M. Box, Oklahoma City, for B. R. Crouch and Bob Rushing.

BLACKBIRD, Chief Justice.

There are two district court actions involved in this appeal, namely: Cause No. 10706 of the District Court in and for Tillman County, entitled "The Board of Governors of the Registered Dentists of Oklahoma, plaintiff, v. Bob Rushing, defendant", and Cause No. 26145 of the District Court in and for Pottawatomie County, entitled "The Board of Governors of the Registered Dentists of Oklahoma, plaintiff v. B. R. Crouch, defendant."

In each of the above cited cases, the petitions of the common plaintiff charged the respective defendants, who apparently are dental laboratory operators and/or technicians, not licensed as dentists, with violating provisions of The State Dental Act (Tit. 59 O.S.1961 §§ 327.1–327.52, both inclusive) prohibiting the practice of dentistry without a license. Said petitions sought an injunction against said defendants' continuance of their alleged unlawful practices.

In Cause No. 10706, supra, the plaintiff's petition alleged that the defendant's unlawful practice was repairing dentures, while in Cause No. 26145, supra, the alleged unlawful practice was making false teeth, or dentures, on the basis of oral impressions taken by the defendant Crouch (instead of pursuant to a work order from a licensed dentist). In the Tillman County action, the court overruled the defendant's motion to dismiss, and demurrer to plaintiff's evidence, and, upon his election to stand thereon, entered judgment granting plaintiff the injunction it sought. In the Pottawatomie County action, the court sustained the defendant's demurrer to the plaintiff's petition, and, upon its election to stand on said petition, entered judgment dismissing the action. After Rushing's appeal from the Tillman County judgment was docketed in this court as Cause No. 40609, entitled "Bob Rushing, Plaintiff in Error, vs. The Board of Governors Of the Registered Dentists of Oklahoma", and the Board's appeal from the Pottawatomie County judgment was docketed as this court's Cause No. 40233, entitled "The Board of Governors of the Registered Dentists of Oklahoma, Plaintiff in Error, vs. B. R. Crouch, Defendant in Error", this court, on motion of Crouch, representing that the judgments challenged in the two appeals were conflicting on essentially the same issues of law and fact, and, with consent of all parties involved, consolidated the two appeals for the purposes of briefing, consideration and disposition, under Cause No. 40233, supra.

As Crouch is the plaintiff in error in one of these consolidated appeals, and Rushing

is the defendant in error in the other, they will hereinafter be referred to either by individual surname, or collectively as "defendants" or the "Technicians." The Board of Governors of the Registered Dentists of Oaklahoma will hereinafter be referred to as the "Board".

Though other matters are discussed in the briefs, it seems to be tacitly, if not expressly, agreed, that the crucial issue raised by the demurrers in both of the injunction actions, supra, was whether or not such actions of equitable cognizance could be maintained in view of the fact that the Board had not pursued the "administrative", or "legal", remedy which defendants claim is prescribed by the above-cited Dental Act for such cases. Both defendants took the position, in presenting their demurrers to the trial court, that, since the Board alleged their respective acts constituted the practice of dentistry—a profession or occupation the Act gives the Board the power to regulate—its exclusive remedy was to exercise its claimed exclusive original jurisdiction as a necessary forerunner, and prerequisite, to the district court's exercise of its jurisdiction, which is appellate only in such matters, as shown by more than one section of said Dental Act. These sections contain certain provisions, expressed in general terms, which, when considered out of the context of the Act as a whole, and without relation to other parts of the Act (with which they *must be* connected as an integral part of the whole) would seem to lend support to the Technicians' position that the Board's effort to prevent them from doing that which (under the Act) constitutes practicing dentistry, must originate in a proceeding before the Board itself, and can only come into the district court by way of appeal from the decision of the Board.

The underlying weakness in the Technicians' argument is that the Dental Act contains no specific provision purporting to bestow upon the Board the effective power of a court of law to forceably prevent a dental laboratory technician, or operator, from engaging in activities beyond the scope of his permit. Its preventive power, as a judicial, or quasi-judicial, body extends no further than the coercion it is authorized by the Act to exert in connection with the issuance, revocation, suspension, or reproval of licenses, or permits.

■■ The defendants are neither dentists, which as the term "Dentist" is defined in sec. 327.3(f) of Tit. 59, supra, means one, who, among other things, is a graduate of an accredited dental school; nor are they members of the "Organization", which as said term is used in The Act (sec. 327.3(a)) means "The Registered Dentists of Oklahoma"; nor are they dental hygienists possessing "certificates of ability." But assuming, without deciding, that the procedure prescribed by The Dental Act, for revocation, suspension, reproval, or reinstatement of authorizations of persons in those categories, applies to the defendants, or their permits, it has not been suggested that either revocation, suspension, or reproval would accomplish the Board's purpose (in these actions) of effectively stopping the defendants' violations of the Act. Though more than one section of the Act contains a provision similar, or identical, to the last one in section 327.41, Tit. 59, supra, making the writ of injunction available to the Board (without bond) for the enforcement of the Act, this does not mean that the Board itself has injunctive powers. Neither the dental laboratory operator's necessity for having a permit in order to be in compliance with the Dental Act, nor the penalties provided in said Law for its violation, furnish complete or adequate means for its enforcement in all circumstances. The inadequacy of criminal prosecution to prevent violations of such laws was made manifest by the expressions from Kentucky State Board of Dental Examiners v. Payne, 213 Ky. 382, 261 S.W. 168, 199, we quoted in Board of Examiners of Veterinary Medicine v. Tubbs, 307 P.2d 830, 832, as follows:

"The board could make little progress towards enforcing the act, if it was confined to prosecutions to recover the

small penalties. If an arrest was made and the highest penalty administered, the practice could be resumed, and, perhaps many times the amount of the penalty could be collected from ignorant and confiding patrons until the second violation was discovered, if at all, and in the meantime the mischief intended to be prevented would continue unabated."

In view of the foregoing, we have concluded that the provisions of the Dental Act for trials or hearings before the Board, and appeals to the district court from the Board's decisions, do not furnish an "adequate remedy at law" as contended by the Technicians, and constitute no obstacle, on that ground, to the Board's seeking injunctive relief originally from a court of equitable cognizance, such as the district court.

■ ■ And, in view of the inadequacy of the Board's jurisdiction to prevent the Technicians' continuance of their alleged violations of the Dental Act, we are not impressed by their argument under Crouch's "Proposition Number Three" that upholding the Board's right to an injunction can conceivably work an injustice on a technician against whom criminal charges are also filed, for his having done the same things sought to be enjoined, thus compelling him to incur attorney's fees necessary for defending himself in both types of litigation. Nor do we find merit in the Technicians' argument that the allegations of the Board's petitions fall short of stating facts sufficient to support its cause of action for injunction, because they express no more than an "apprehension" that "some" insufficiently described "acts" by the Technicians may be continued. We think that the third paragraphs of the Board's petitions in both the Rushing and Crouch cases described with sufficient particularity the acts of these respective defendants, which the Board therein sought to enjoin as work which only licensed dentists could preform, or the defendants could perform, only upon the work order of such a dentist, for the purposes of the issues herein presented. (Crouch has

filed no cross-appeal alleging error in the trial court's order overruling his "MOTION TO MAKE MORE DEFINITE AND CERTAIN.") This was followed by the petitions' paragraphs "IV" which allege, as a fact (not mere apprehension) that if not enjoined, the respective defendants would continue said unlawful acts.

■ Under the Technicians' "Proposition Number Four" they quote several statements from previous opinions of this court, but these quotations are not accompanied by argument showing their relevancy to, or support of, that Proposition. We therefore deem it unnecessary and inappropriate under our Rule 15 to attempt a consideration of same.

■ Under their "Proposition Number One", the Technicians complain of the Board's petition being verified, as agent for said plaintiff, by one Jim Porter, an investigator for, rather than a member of, the Board. They apparently contend that only a member of the Board can subscribe to such a verification, and that such authority cannot be delegated to a non-member. They cite a long quotation from State ex rel. Board of Governors of Registered Dentists v. Rifleman, 203 Okl. 294, 220 P.2d 441, in support of their Proposition. On the other hand, the Board cites both section 327.4 of the Dental Act, supra, authorizing the Board's employment of investigators, among others, for assisting it in the enforcement of the Act, and Tit. 12 O.S.1961 § 292, authorizing verification affidavits to be made by agents or attorneys, where (as here) their principal or client is not a resident of, or is absent from, the county in which the pleading is filed, and the facts alleged therein are (as the subject affidavit states) within the personal knowledge of the agent or attorney. In our opinion, the Rifleman case is inapplicable to the issue involved here, and we know of no reason for not applying section 292, supra, in support of Mr. Porter's making the affidavit.

Under "Proposition Number Two" of the Technicians' answer brief, they urge recon-

sideration of the motion to dismiss cause No. 40223, supra, which Crouch filed, and we denied therein, before said cause's consolidation with cause No. 40609, supra. Said brief offers nothing additional, in support of such dismissal, than was considered when same was first denied; and upon reconsideration of said motion, we find no reason for disturbing our previous order.

Consistent with our determination that the plaintiff's petitions in the Tillman County and Pottawatomie County actions here involved were not demurrable on the grounds argued herein, we hereby affirm the judgment in the Tillman County action, appealed from in our Cause No. 40609, supra, and reverse the one in the Pottawatomie County action, appealed from in our Cause No. 40223, supra; and direct the trial court in the latter case, to vacate its judgment and proceed in a manner not inconsistent with the views expressed herein. Consistent with our announcement in Taylor v. Clark (Okl.) 380 P.2d 250, this opinion is not to be considered determinative of any issue except those definitely decided herein.