The BOARD OF GOVERNORS OF the REGISTERED DENTISTS of Oklahoma, Plaintiff in Error,

v.

Bill MELTON, Defendant in Error.

No. 41431.

Supreme Court of Oklahoma.

May 9, 1967.

James E. Poe, Tulsa, for plaintiff in error.

Edward M. Box, Oklahoma City, for defendant in error.

BERRY, Justice.

This appeal upon the original record involves further consideration of the scope and applicability of our statutes, 59 O.S. 1961, § 327.1 et seq., denominated the State Dental Act, creating, controlling and regulating the practice of dentistry in Oklahoma. Of principal concern is the propriety of the trial court's action in sustaining a motion to dismiss the petition filed by plaintiff in error, hereafter designated as plaintiff, whereunder it was sought to permanently enjoin defendant from the practice of dentistry as defined under § 327.20 of the Act, supra. Ancillary questions of concern involve the trial court's special findings relative to applicability and controlling force of the Administrative Procedures Act, 75 O.S.Supp.1963, § 301 et seq. in this equitable proceeding.

Plaintiff filed a petition (January 21, 1964) charging defendant, holder of a Dental Laboratory Permit, with having operated an office for the practice of dentistry at a specified place and time, during the course of which he had performed certain enumerated acts, i. e., furnishing, constructing, supplying, reproducing, etc., prosthetic dentures and other substitutes for natural teeth; that defendant's acts and conduct constituted the practice of dentistry in violation of § 327.22 of the Dental Act. Plaintiff asked that defendant be restrained temporarily from performing any acts constituting the practice of dentistry during pendency of the action. Plaintiff further asked that upon final determination defendant be enjoined permanently from practicing, or performing any acts constituting the practice of dentistry contrary to the statutes. Temporary injunction was entered and the hearing upon the petition for permanent injunction was set for February 4, 1964.

Defendant filed a special appearance and motion to dismiss, asserting plaintiff's action was not maintainable under the statutes relied upon; that plaintiff had failed to exhaust the administrative remedies provided under the Act, supra, and was attempting to evade performance of requisite statutory duties by seeking to invoke the court's jurisdiction for injunctive relief. Further, plaintiff's attempted action violated the Administrative Procedures Act, supra, which made an administrative hearing a mandatory prerequisite before the trial court could acquire jurisdiction for issuance of an injunction.

By appropriate order hearing of the case was continued until final disposition of pending, consolidated appeals in this Court. See Board of Governors, etc. v. Crouch, Okl., 391 P.2d 796. Defendant thereafter filed answer to the petition, and a separate demand for jury trial, to which demand plaintiff filed written objections. The cause was set down for hearing December 21, 1964, upon defendant's demand for jury trial. On that date, and over plaintiff's objections, the trial court allowed defendant to file Motion To Dismiss upon grounds of: (1) lack of jurisdiction of subject matter; (2) all provisions of the Dental Act relating to administrative procedure and injunctive relief were repealed or superseded by enactment of 75 O.S.Supp.1963, §

301 et seq.; (3) the petition disclosed non-compliance with § 301, supra, which constituted a mandatory prerequisite to the action sought to be taken by plaintiff.

After taking the matter under advisement, the trial court entered an order sustaining such motion and dismissing plaintiff's action. In support of such action the court, in substance, found: At all times pertinent defendant was a licensed dental laboratory technician and authorized to conduct a dental laboratory; adoption of the Administrative Procedures Act, supra, established uniform administrative procedures applicable to plaintiff; adoption of such Act (75 O.S.Supp.1963, § 301 et seq.) repealed all conflicting portions of the Dental Act, including that part which allowed the plaintiff injunctive relief before exhaustion of administrative remedies, thus defendant was entitled to the administrative hearing which plaintiff's injunction action sought to evade; that plaintiff had formally adopted the Administrative Procedures Act, and therefore was estopped from evading or avoiding application of that Act.

The argument offered on appeal in support of the judgment is cast upon the basic hypothesis that adoption of the Procedures Act, supra, repealed all portions of the Dental Act in conflict therewith. Upon this basis it is asserted that mandatory requirements of the Procedures Act required exhaustion of remedies by way of an administrative hearing under our law, as stated in Speaker v. Board of County Commissioners, Okl., 312 P.2d 438, and related decisions. Thus, because no administrative hearing was held upon the complaint against defendant, the action for injunction was prematurely brought; because the requisite condition precedent was not fulfilled, the petition stated no cause of action.

The reasoning, and the conclusion urged, acknowledge our prior decisions in Thrasher v. Board of Governors, etc., Okl., 359 P.2d 717, and Rushing v. Board of Governors, etc., (Cons.) Okl., 391 P.2d 796. Defendant denies, however, the terminal quality of these decisions to the present

case because of alleged inconsistency, misuse and misinterpretation thereof by the Board, which has resulted in judicial havoc and government by injunction. We are convinced that both the basic premise, and the specious reasoning by which defendant seeks to avoid the force and effect of the substantial provisions of the Dental Act, are invalid and only tend to cloud the controlling issue by attempted over-simplification. Our convictions in this respect belay the need for consideration of the extensive arguments relating to repealing effect of the Procedures Act, and that such provisions provide plaintiff with adequate means of enforcement without resort to relief by injunction.

In the Thrasher case, supra, action was initiated by a dental laboratory technician to restrain enforcement of the State Dental Act, upon various asserted grounds of unconstitutionality. The constitutionality of the Act was upheld against each particular complaint, except for questions raised concerning two specific sections of the Act. As to the latter, judgment specifically was reserved until questions concerning some were presented properly, rather than as hypothetical questions.

In Crouch, supra, we held specifically that remedy by way of injunction was open to plaintiff under provisions of the Dental Act to prevent activities defined as unlawful practice of dentistry under terms of the Act. We further held that provisions of the Act relative to trials and/or hearings before the Board did not furnish an adequate remedy at law. This because the Act furnished no power to enforce the prohibitory provisions, other than the coercive power extended in respect to issuance, revocation, suspension or approval of licenses and permits issued under the Act. Thus the Board's action for injunctive relief was held proper, and the petition for relief was not demurrable.

The above discussion serves to support our own conclusion that defendant's arguments, asserting inconsistency and conflict between our decisions, involving construc-

tion and application of the Act lack foundation, or validity. The same comment applies to further argument that the Act has been construed prejudicially against dental technicians and laboratories, while being given a favorable construction as concerns the Board, even to an extent amounting to judicial legislation.

Admittedly defendant was an authorized technician, holding a valid permit to operate a dental laboratory in this State, as those terms are defined under §§ 327.35–327.36 of the Act. The petition upon which relief was sought, charged defendant with violation of § 327.20, by performance of specific acts denominated as practice of dentistry within purview of that statute. The petition asked injunctive relief against defendant's positive breach of the statute regulating and controlling practice of the profession. No action or relief was sought in respect to revocation, suspension or reproval of defendant's license, or his permit to conduct a dental laboratory.

In Crouch, supra, it was held that injunctive relief properly may be sought to prevent the unlawful practice of dentistry. And, further, a petition therefor was not demurrable despite provisions of the Act relative to trials and hearings by the Board. Since the instant action was to enjoin violation of the law, without presentation of any question relative to defendant's license or permit, it was improper for the trial court to sustain the Motion To Dismiss upon the grounds stated.

■ It is unnecessary to determine at this time whether adoption of the Administrative Procedures Act, supra, repealed all provisions of the State Dental Act in respect to hearing and determination of matters related to grant and revocation of licenses and permits. We are of the opinion, however, that our conclusion as to the incorrectness of the trial court's judgment receives support from the plain provisions of the Administrative Procedures Act. Reference to that language discloses that the privileges extended to individual proceedings are directed to the grant, denial,

or renewal of a license, as to hearings for such purposes opportunity to be heard is a prerequisite. Notice and opportunity to be heard also are conditions precedent to revocation, suspension, annulment, or withdrawal of a license.

■ The plain import of this language is that administrative procedures apply to matters which involve the grant, denial, revocation, etc. of licenses. Acceptance of defendant's argument as to the scope of the Act, in the ultimate analysis, would require holding that matters involving violation of positive statutes governing the practice of dentistry or any other profession affected with a public interest are determinable only in the forum provided by the Act. The Act was not so intended, and it is elementary that it cannot be construed to extend to matters determinable in the courts.

■ Under § 327.51 of the Dental Act, plaintiff was granted express authority to seek relief by writ of injunction against violation of statutes governing the practice of dentistry. Plaintiff's action was based upon specified violations and asked that defendant be enjoined from future violations. The Dental Act was designed to protect the public from persons who might seek to engage in unlawful practice of the profession, a matter of legislative concern by reason of relationship to the public health and welfare. Thrasher v. Board of Governors, supra. In such cases injunction is a proper remedy. Curtis v. Registered Dentists, 193 Okl. 233, 143 P.2d 427; Board of Governors, etc. v. Crouch, supra.

■ As concerns filing and sustaining defendant's Motion To Dismiss, it is sufficient to observe that such pleading is not authorized under Oklahoma practice. 12 O.S.1961, § 263. The style of the motion was misleading. However, it is the substance of a pleading which controls, rather than the style or form. Thus, a motion which invokes a ruling disposing of the cause of action constitutes a final order from which an appeal will lie. Emerson v. Lewis et ux., Okl., 274 P.2d 529, 531. Since defendant's motion, when sustained by the

trial court, was of the same effect as a demurrer to the petition, it should be considered upon this basis. The factors which govern a trial court's consideration of a demurrer need not be reiterated. Measuring the trial court's ruling upon defendant's motion by these same factors, we conclude that plaintiff's petition alleged facts sufficient to withstand a demurrer, and that the trial court erred in sustaining the Motion To Dismiss.

The trial court erred in holding plaintiff's petition demurrable upon grounds the matter involved application of the Administrative Procedures Act, supra, and was determinable thereunder. The judgment accordingly is reversed, and the cause remanded to the trial court, with directions to set aside the judgment of dismissal and proceed in accordance with the views expressed herein.

All Justices concur.