492 P.2d 1401 (1972)
Jim C. LAMB, Plaintiff in Error,
v.
The REGISTERED DENTISTS of Oklahoma, Defendant in Error.
No. 43648.
Supreme Court of Oklahoma.
January 18, 1972.
Finch & Finch, Sapulpa, for plaintiff in error.
Lyons & Dean, Pryor, for defendant in error.
BARNES, Justice:
In this action, instituted by defendant in error, hereafter referred to as "plaintiff", plaintiff in error, a dental technician, hereafter referred to as "defendant", was enjoined from practicing dentistry without a license; and he has appealed.
*1402 One of defendant's arguments is that the purported verification on the petition, signed by one Jim E. Porter, as plaintiff's "duly authorized representative", does not meet the requirements of 12 O.S. 1961, § 292, for valid verifications, because it contains no statement that the facts alleged therein were within Porter's personal knowledge. Defendant made no attempt to raise the question of the verification's sufficiency except by demurrer and amended demurrer to plaintiff's petition. And the record shows no trial court ruling on either of these pleadings. For the reason stated in Myers v. Diehl, Okl., 365 P.2d 717 (1st syll.), we do not consider the question. Notice also Educators Automobile Insurance Co. v. Jones, Okl., 428 P.2d 277 (3rd syll.).
Defendant further urges that the action should have been brought in the name of plaintiff's Board of Governors, because it is the only body mentioned in 59 O.S. 1961, § 327.43, which authorizes writs of injunction as a means of enforcing the Act.
After careful examination and study of the Act, we find that plaintiff's authority to apply for court injunctions is included by implication in the general powers vested in it by Section 327.4 of the Act (to sue and be sued and to employ attorneys and other necessary personnel to assist in enforcing the Act). We find nothing in the Rifleman case [State ex rel. Board of Governors of Registered Dentists v. Rifleman], 203 Okl. 294, 220 P.2d 441, the Crouch and Rushing case [Board of Governors of Registered Dentists v. Crouch and Rushing v. Board of Governors], Okl., 391 P.2d 796, or the Melton case [Board of Governors of Registered Dentists v. Melton], Okl., 428 P.2d 205 (cited by defendant), that we regard as constituting a persuasive argument against this interpretation of the Act.
Defendant's arguments under his second proposition pertain to plaintiff's elicitation from defendant, as its witness, of testimony concerning his activities in violation of The State Dental Act. He points out that the Act's Section 327.5 contemplates criminal prosecution of those violating the Act, and refers to various stages of the trial at which he unsuccessfully attempted to exclude this testimony from the record on the ground it was self-incriminating. However, undisputed testimony of other witnesses established that defendant and/or his Lamb Laboratory had "supplied" patrons with "substitutes for natural teeth" without work orders from dentists as required by Section 327.40 of the Act. Thus, defendant's testimony was cumulative. We have often held that the admission of improper evidence is harmless when "purely cumulative." See St. Louis-San Francisco Ry. Co. v. Fox, Okl., 359 P.2d 710, 715. See also Appeal of Thompson Building Co., Okl., 316 P.2d 179, and Liles v. Bigpond, 190 Okl. 112, 121 P.2d 596, in which latter cases we applied the rule that admission of improper evidence in court-tried cases ordinarily does not constitute reversible error. In Liles, supra, we noted (p. 599 of 121 P.2d) that in such cases the burden is upon appellant to show the judgment "rests solely upon such incompetent evidence." Defendant makes no such claim here. In view of the above mentioned undisputed evidence of his former patrons, we can only conclude that, if admission of the testimony complained of by defendant was error, it was harmless error.
As defendant's arguments have shown no cause for reversal, the judgment of the trial court is affirmed.
All Justices concur.