Henry Fred GADDY, D.O., Appellant,

v.

**OKLAHOMA STATE BOARD OF OSTEOPATHY, Appellee.**

No. 48359.

Supreme Court of Oklahoma.

Sept. 28, 1976.

Jim L. Lindsey, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Todd Markum, Asst. Atty. Gen., for appellee.

LAVENDER, Judge.

Henry Fred Gaddy (Gaddy or applicant) graduated from an accredited school of Osteopathy medicine and surgery. He received his license to practice in Missouri June 24, 1940. He was licensed in Oklahoma February 15, 1941. He practiced as an osteopathic physician and surgeon in Tulsa, Oklahoma, from 1941 to approximately April, 1961. After an investigation of an alleged break-in of his hospital at Tulsa,

Gaddy was required to surrender his federal narcotic tax stamp based on failure to keep proper records and use of order forms for other than professional practice. A complaint was filed with the Oklahoma State Board of Osteopathy (Board) in May, 1961. It charged Gaddy with unprofessional conduct, habitual drunkenness, and habitual addiction to narcotic drugs. No formal and evidentiary hearing was held on this complaint. Gaddy gave possession of his license to the Board through its attorney. There is a conflict as to whether this was a voluntary surrender of his Oklahoma license or only to be kept by the attorney for the Board until Gaddy returned from Missouri where he planned to move and practice. This Gaddy did. He became the subject of a similar complaint in Missouri. In March, 1963 that state's Board of Registration for The Healing Arts found Gaddy during the years 1959 and 1960 was addicted to habitual use of narcotic drugs. It revoked his Missouri license. An appellate court questioned this finding but affirmed as sustained by sufficient evidence.

For the years ending July 1, 1962, 1963, and 1964, Gaddy was issued renewal receipts by the Oklahoma Board. In 1966 and 1967 Gaddy attempted to secure renewal applications from that agency. None was sent to Gaddy. Its secretary refused to forward the requested application until required by the Board. Gaddy did file an application for renewal or reinstatement in June, 1972. Hearing on that application was continued at his request September, 1972. Hearing held and evidence taken, April 11, 1974. Board made findings of facts, conclusions of law, and entered an order, July 8, 1974. The order required Gaddy to show proof of license from another state or make application for reexamination. That order was appealed to the district court. Court remanded for additional evidence. Additional evidentiary hearing held by the Board November 21, 1974. Board issued supplementary finding and conclusions with order of the

same effect. Gaddy again appealed to district court. That court affirmed. Gaddy now appeals here. Jurisdiction of this court is not an issue.

Gaddy argues with the adoption of the Administrative Procedures Act, Laws 1963, c. 371 and under 75 O.S.Supp.1963,. § 314 there was no revocation after the 1964 renewal for no hearing. He also argues that the placing of his license with the Board in 1961 was not a surrender of that license. Gaddy says without a Board determination on the 1961 complaint, with the renewals in the years 1962, 1963, and 1964, and no hearing on revocation after the last renewal, and without substantial evidence to support the presently appealed order, he is entitled to be licensed to practice within the State of Oklahoma. We do not agree. Gaddy does not argue denial of due process under the present proceedings commenced by him in 1972 resulting in the appealed order, lack of power of state to license and control the practice of osteopathy, or the unconstitutionality of such statutes.

To hold Gaddy's voluntary surrender of his license in 1961 was only temporary ignores the circumstances of that situation. Gaddy had been investigated. He had been required to surrender his federal narcotic stamp. He was the subject of a disciplinary complaint before this Board. At the time of the hearing on that complaint, both Gaddy and his attorney appeared. In lieu of the hearing and subsequent order, he agreed to surrender his license. The license was surrendered. He voluntarily gave up any vested rights which he might have had in a license to practice in the State of Oklahoma. He moved to Missouri and practiced under his Missouri license until that license was revoked by that state's board.

At the second evidentiary hearing, the subsequent renewals were explained by Secretaries of the Board as errors coming about by delegation of authority to office secretaries to handle the mechanical work of issuing renewals. No check was made to determine if the person renewing was entitled to that renewal. We hold such erroneous renewals, now long expired, were of no effect. The annual re-registration of osteopaths through payment of fees and attendance at educational program applied only to one legally licensed. 59 O.S.1971, § 641. Gaddy was not such a licensee. He had voluntarily surrendered his license in face of a disciplinary complaint against him. He had no basis for renewal. He did not come under the renewal statute. Gaddy does not argue estoppel, nor is he entitled to, for such acts of renewal were beyond authority granted by the statute and estoppel does not apply. *Harris v. State,* 207 Okl. 589, 251 P.2d 799 (1952). These renewals were of no effect for there was no statutory authorization.

We believe the Board and its Secretary were in error in refusing to forward to Gaddy or his attorney the necessary application forms. This was an attempt by Gaddy to seek licensing by the Board. He was denied that right, but Gaddy abandoned that effort. He did not seek relief from this refusal either under The Administrative Procedures Act or in the courts. 75 O.S.1971, § 314(b) is not applicable so as to extend his right to practice through a timely and sufficient application for renewal for Gaddy was not a licensee. He had voluntarily surrendered his license. Section 314(c) of that act applies to revocation, suspension, annulment, or withdrawal of a license. Here there was voluntary surrender. That subsection is not applicable to the present case.

Gaddy did again make application in 1972. He has received due process including notice, hearings, and judicial review. This has culminated in the order here appealed.

The affirmed order of the Board requires Gaddy to establish his competence to again practice. He has been away from the active practice of osteopathy for approximately ten years. Evidence at the

last evidentiary hearing suggested drugs not known by him. The appealed order denied him the right to practice only if he failed proof of competence through a license from another state or through examination. 59 O.S.1971, § 633 requires the applicant to successfully pass the examination described in § 632. Section 634 allows the Board in its discretion to issue a license without examination to a practitioner licensed in another state. The appealed order is within its authority under these sections. Record was reviewed. The order is sustained by the evidence.

▬ What vested interest Gaddy had in his license to practice as an osteopathic physician was voluntarily given up by him. Acts such as "The Oklahoma Osteopathic Act," 59 O.S.1971, §§ 621 et seq., are designed to protect the public. *Board of Governors of Registered Dentists v. Melton,* Okl., 428 P.2d 205, 209 (1967). That protection includes requiring this applicant to establish his competency by license in another state or examination as allowed by the act.

Affirmed.

WILLIAMS, C. J., HODGES, V. C. J., and DAVISON, IRWIN, BARNES and DOOLIN, JJ., concur.