Dear Honorable Reynolds,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask the following question: Does theOklahoma Ethics Commission have authority to withdraw from considerationnewly promulgated rules after they have been submitted to each House ofthe Legislature and the Governor in accordance with the OklahomaConstitution Article XXIX, Section 3?
 I. The Oklahoma Ethics Commission
¶ 1 The Ethics Commission was created by an amendment to the Oklahoma Constitution.[1] Article XXIX of the Oklahoma Constitution grants the Ethics Commission various powers. Specifically, the Ethics Commission is required to promulgate rules of ethical conduct for campaigns involving elective state offices and initiatives and referenda. Okla. Const. art. XXIX, § 3(A). The Ethics Commission also promulgates rules concerning the ethical conduct of state officers and employees. Okla. Const. art. XXIX, § 3(B). The rules are to include civil penalties for ethical conduct violations. Okla. Const. art. XXIX, § 3(A), (B).
 II. Analysis
¶ 2 Article XXIX, Section 3 of the Oklahoma Constitution states the following rulemaking requirements:
 Ethics Rules
 A. After public hearing, the Ethics Commission shall promulgate rules of ethical conduct for campaigns for elective state office and for campaigns for initiatives and referenda, including civil penalties for violation of these rules.
 B. After public hearing, the Ethics Commission shall promulgate rules of ethical conduct for state officers and employees, including civil penalties for violation of these rules.
 C. Newly promulgated rules shall be presented to each House of the Legislature and to the Governor on the second day of each session of the Legislature. If these rules are not disapproved by joint resolution, subject to veto by the Governor, during the same legislative session, they shall be effective. In the event the Governor vetoes a joint resolution disapproving any Ethics Commission's rules, the procedure shall be the same as for the veto of any other bill or joint resolution. Effective Ethics Commission rules shall be published in the official statutes of the State.
 D. Effective Ethics Commission rules may be repealed or modified by the Commission, and the repeal or modification shall be submitted to the Legislature and the Governor in the same manner as newly promulgated rules. Effective Ethics Commission rules may also be repealed or modified by law passed by a majority vote of each House of the Legislature. If the Governor vetoes such a law, the procedure shall be the same as for the veto of any other bill or joint resolution.
Id. (emphasis added). The text of Article XXIX, Section 3 does not address whether ethics rules may be withdrawn after presentation to the Legislature and Governor. Therefore, principles of statutory construction and relevant case law must be utilized to determine the intent of the framers and voters adopting Article XXIX.
¶ 3 "Generally, the provisions of a Constitution are construed using the usual rules of statutory construction." City of Guymon v. Butler,92 P.3d 80, 84 (Okla. 2004) (quoting Cowart v. Piper Aircraft Corp.,665 P.2d 315, 317 (Okla. 1983)). "The object of construction, applied to a Constitution, is to give effect to the intent of its framers, and of the people in adopting it." Boswell v. State, 74 P.2d 940, 942 (Okla. 1937). The first rule for construing constitutional provisions, to which all other rules of construction are subordinate, is that the meaning, "as understood by those who framed and adopted the constitution, is to be ascertained and given effect." Wimberly v. Deacon, 144 P.2d 447, 450
(Okla. 1943).
¶ 4 Article XXIX, Section 3 is a unique rulemaking process for the Ethics Commission's rules. Rulemaking under Article XXIX differs from the rulemaking process in Article I of the Administrative Procedures Act ("APA"), 75 O.S. 2001 Supp. 2007, §§ 250 — 308.2, in various ways. First of all, Article XXIX always requires a public hearing prior to promulgating ethics rules. Okla. Const. art. XXIX, § 3(A), (B). The APA, however, requires a hearing only if requested by certain individuals or entities.[2] In addition, the APA requires a specific notice of intended rulemaking action, [3] a thirty-day comment period for interested persons, 75 O.S. 2001, § 303[75-303](A)(2), and a rule impact statement prior to the adoption, amendment, or revocation of any rule.[4]Id. § 303(D)(1). Article XXIX, Section 3 has no such requirements.
¶ 5 Article XXIX requires the presentation of Ethics Commission rules to the Legislature and Governor on a specific date, the second day of each session of the Legislature. Okla. Const. art. XXIX, § 3(C). The APA does not require submission of rules on a particular date. The APA provides that rules submitted after April 1 shall result in approval "only if the Legislature is in regular session and has failed to disapprove such rule[s] within thirty (30) legislative days." 75 O.S. 2001, § 308[75-308](E)(2). Under the APA an agency may also request direct legislative approval of such rules or a waiver of the thirty-day legislative review period if rules are submitted after April 1. Id.
¶ 6 The Governor may veto any joint resolution disapproving Ethics Commission rules or veto the repeal or modification of effective Ethics Commission rules. Okla. Const. art. XXIX, § 3(C), (D). The Governor may not veto a joint resolution of the Legislature disapproving proposed rules under the APA. Any proposed rule disapproved by the Legislature is invalid, regardless of gubernatorial approval. 75 O.S. 2001, § 308[75-308](B)(2)(a)(3).
¶ 7 The Governor has a more prominent role in the rulemaking process under the APA. The Governor has forty-five calendar days to approve or disapprove an agency's rules. 75 O.S. 2001, § 303.2[75-303.2](A). Furthermore, rules not approved by the Governor are ineffective unless approved by joint resolution of the Legislature. 75 O.S. 2001, § 303.2[75-303.2](B). The Governor does not have a similar role under Article XXIX, Section 3.
¶ 8 Article XXIX authorizes the Legislature to repeal or modify effective Ethics Commission rules by a majority vote of each house of the Legislature. Okla. Const. art. XXIX, § 3(D). The Legislature's action is subject to veto by the Governor. Id. In contrast, the Legislature reserves the right to disapprove any permanent or emergency rule under the APA only if it determines the rule to be "an imminent harm to the health, safety or welfare of the public or the state or if the Legislature determines that a rule is not consistent with legislative intent." 75 O.S. 2001, § 250.2[75-250.2](B)(6). Such legislative action is not subject to a gubernatorial veto.
¶ 9 Finally, the APA authorizes:
 The Governor by Executive Order or either house of the Legislature or both houses of the Legislature by resolution, or a small business or the Small Business Regulatory Review Committee pursuant to Section 5 of this act, may request an agency to review its rules to determine whether or not the rules in question should be amended, repealed or redrafted.
Id. § 250.10 (footnote omitted). The agency has ninety calendar days to respond to such requests. Id. No similar provision is included in Article XXIX, Section 3.
¶ 10 Although Article XXIX, Section 3 does not grant express authority to the Ethics Commission to withdraw newly promulgated rules after presentation to the Legislature and Governor, Oklahoma courts recognize that agencies have implied powers necessary to exercise their express authority or powers that may be fairly implied from the Constitution or statutes. "[W]here a constitution confers a power or enjoins a duty, it also confers, by implication, all powers that are necessary for the exercise of the one or for the performance of the other." Okla. CountyExcise Bd. v. Kurn, 115 P.2d 113, 115 (Okla. 1941). An agency has by implication and in addition to its express powers such powers that are necessary for the due and efficient exercise of its express powers or such powers as may be fairly implied from the statute granting the express powers. Okla. Tax Comm'n v. Fortinberry Co., 207 P.2d 301, 304
(Okla. 1949) (citation omitted).
¶ 11 The implied powers doctrine was also utilized in Board ofExaminers v. Tubbs, 307 P.2d 830, 831-32 (Okla. 1957). In Tubbs, the court determined the Board was authorized to obtain an injunction in district court to prevent a farmer from practicing veterinary medicine without a license. Although the licensing act did not expressly vest the Board with such power, the court concluded the power was implied since the licensing act required anyone practicing veterinary medicine to be licensed. Furthermore, prohibiting the Board from seeking injunctive relief against unlicensed practitioners would be contrary to the purpose of the licensing act and would render the licensing act an ineffective means of accomplishing its purpose. Id. at 832.
¶ 12 The Ethics Commission has implied powers necessary for the efficient exercise of its express authority or powers that may be fairly implied from the Constitution. Since the Constitution requires the Ethics Commission to promulgate rules and present them to the Legislature and Governor, its authority to withdraw such rules prior to their becoming effective is implied.
¶ 13 Power to withdraw promulgated rules prior to their becoming effective is also necessary for the efficient exercise of the Ethics Commission's rulemaking authority. For example, errors may occur during the rulemaking process that need correction after presentation to the Legislature and Governor. The Ethics Commission may also decide a rule needs further consideration. Withdrawing such rules prevents defective rules from becoming effective.
¶ 14 It is, therefore, the official Opinion of the Attorney Generalthat:
 1. The Oklahoma Constitution Article XXIX, Section 3 is a unique rulemaking process for the Ethics Commission's rules.
 2. The Ethics Commission has implied powers that are necessary for the efficient exercise of its express authority or powers that may be fairly implied from the Constitution. Okla. Const. art XXIX, § 3; Okla. County Excise Bd. v. Kurn, 115 P.2d 113, 115 (Okla. 1941), Okla. Tax Comm'n v. Fortinberry Co., 207 P.2d 301, 304 (Okla. 1949), Bd. of Exam'rs v. Tubbs, 307 P.2d 830, 831-32 (Okla. 1957).
 3. The Ethics Commission's implied powers include authority to withdraw from consideration newly promulgated rules after they have been presented to each house of the Legislature and the Governor, and prior to their becoming effective in accordance with Okla. Const. art. XXIX, § 3.
W.A. DREW EDMONDSON Attorney General of Oklahoma
ROY JOHN MARTIN Assistant Attorney General
[1] Article XXIX was added by State Question No. 627, Initiative Petition No. 341. The constitutional amendment was adopted at an election held September 18, 1990. See
http://www.sos.state.ok.us/exec_legis/InitList.asp (last visited June 30, 2008).
[2] If the published notice does not already provide for a hearing, an agency shall schedule a hearing on a proposed rule if, within thirty (30) days after the published notice of the proposed rule adoption, a written request for a hearing is submitted by:
 a. at least ten persons,
 b. a political subdivision,
 c. an agency,
 d. an association having not less than twenty-five members, or
 e. the Small Business Regulatory Review Committee.
75 O.S. 2001, § 303[75-303](C)(1).
[3] The notice required by paragraph 1 of subsection A of this section shall include, but not be limited to:
 1. In simple language, a brief summary of the rule;
 2. The proposed action being taken;
 3. The circumstances which created the need for the rule;
 4. The specific legal authority authorizing the proposed rule;
 5. The intended effect of the rule;
 6. If the agency determines that the rule affects business entities, a request that such entities provide the agency, within the comment period, in dollar amounts if possible, the increase in the level of direct costs such as fees, and indirect costs such as reporting, recordkeeping, equipment, construction, labor, professional services, revenue loss, or other costs expected to be incurred by a particular entity due to compliance with the proposed rule;
 7. The time when, the place where, and the manner in which interested persons may present their views thereon . . .
 8. Whether or not the agency intends to issue a rule impact statement . . . and where copies of such impact statement may be obtained for review by the public;
 9. The time when, the place where, and the manner in which persons may demand a hearing on the proposed rule if the notice does not already provide for a hearing. If the notice provides for a hearing, the time and place of the hearing shall be specified in the notice; and
 10. Where copies of the proposed rules may be obtained for review by the public.
75 O.S. 2001, § 303[75-303](B).
[4] The Governor may waive the rule impact statement requirement if requested by an agency. The Governor may waive the requirement if it is unecessary, contrary to the public interest, or if an agency is required to implement a statute or federal requirement that does not require an agency interpretation or descriptions of requirements, such as federally mandated provisions affording the agency no discretion to consider less restrictive alternatives. See 75 O.S. 2001, § 303[75-303](D)(3).