The BOARD OF GOVERNORS OF the REG-
ISTERED DENTISTS OF OKLA-
HOMA, Appellee,

v.

Gerald C. BURK, Appellant.

No. 48287.

Supreme Court of Oklahoma.

June 1, 1976.

Rehearing Denied July 14, 1976.

Robert C. Schacher, Lawton, and James E. Poe, Tulsa, for appellee.

Warren Gotcher, Gotcher, Gotcher & Gotcher, McAlester, for appellant.

DAVISON, Justice.

The plaintiff, The Board of Governors of the Registered Dentists of Oklahoma (appellee), brought this action against the

defendant, Gerald C. Burk (appellant), to permanently enjoin the defendant from the unlicensed practice of dentistry pursuant to "The State Dental Act," 59 O.S.1971, § 328.1 et seq. The petition alleges the defendant was not licensed to practice dentistry as required by the act.

The defendant is alleged to have performed various acts constituting the practice of dentistry, in violation of 59 O.S. 1971, § 328.19, subsections (m), (n), (o), and (r). This section provides that a person shall be regarded as practicing dentistry within the meaning of the acts who does various acts enumerated therein. Among the acts constituting the practice of dentistry are the four, which the defendant is alleged to have done, which are set out in said sections as follows:

"(m) shall take impression of the teeth and jaws;

(n) shall furnish, supply, construct, reproduce or repair, or offer to furnish, supply, construct, reproduce or repair, prosthetic dentures (sometimes known as plates), bridges or other substitutes for natural teeth for the user or prospective user thereof;

(o) shall adjust or attempt or profess to adjust any prosthetic denture, bridge, appliance or any other structure to be worn in the human mouth; . . . .

(r) shall own, maintain, or operate an office or offices by holding a financial interest in same for the practice of dentistry. . . ."

The defendant has owned and operated Burk's Dental Laboratory in Duncan, Oklahoma, for a number of years. It is admitted that he is not a licensed dentist. Relevant to the issue presented is the fact that the above § 328.19 of the Act provides that nothing therein shall prevent:

"The fabrication of dental appliances pursuant to a specific work authorization written by a licensed dentist, by a dental laboratory technician in a dental laboratory using inert materials and mechanical devices for the fabrication of any restoration, appliance or thing to be worn in the human mouth."

No question is raised in this appeal as to his being a dental technician or his right to operate a dental laboratory. Pertinent only to this appeal is the fact that the defendant was not and had never been a licensed dentist.

In addition to calling the defendant as a witness, the plaintiff relied on two witnesses, Gooch and Snider. The defendant is alleged to have prepared and sold to both artificial teeth without having work authorization from a licensed dentist.

Witness Gooch was a retired Navy man who worked as an investigator for the plaintiff. He was requested to check on the defendant. On December 5, 1973, he went to the defendant's place of business where he asked about a type of "partials" that he might need. He testified the defendant examined his mouth.

Gooch testified the defendant had an old style dental chair and some "apparatuses which he placed into the mouth" and that defendant put his fingers in Gooch's mouth and examined the gums and teeth and advised him that he did not do implants. Gooch testified the defendant did offer to make a couple of "partials" for $60.00 each.

Gooch testified that on January 17, 1974, he returned to the defendant's office where impressions were made by the defendant and because of some difficulty, the price of one of the partials raised to $75.00. Gooch went back on February 4, 1974, and the "partials" were fitted and refitted a number of times by the defendant. Gooch paid the defendant $135.00, for which he was reimbursed by the plaintiff. Gooch testified he observed the defendant fitting some type of apparatus in a lady's mouth and that he saw an elderly gentleman being fitted.

After the court granted immunity to the defendant, insofar as Gooch was concerned only, the defendant testified he did the work for Gooch as Gooch testified. The

defendant said he only did the work after Gooch had asked several times and he felt sorry for him.

Witness Snider, a local businessman, testified that he had gone to the defendant and had "partials" made and that defendant had made teeth for his wife. The defendant admitted he knew the Sniders, but declined to answer a question about them on the grounds of self-incrimination.

The court made extensive findings of fact and conclusions of law which confirm the plaintiff's position. The court then made the order for a permanent injunction from which this appeal is prosecuted.

The appellant seeks reversal of the trial court's judgment under two propositions. First, the appellant urges it was error to admit the testimony of Gooch since Gooch entrapped the defendant; second, that 59 O.S.1972 § 328.19(n) is unconstitutional.

■ The appellant's argument on entrapment is that while this is not a criminal prosecution as provided by 59 O.S.1971 § 328.49, the defendant may be jailed for violation of the injunction, pursuant to 12 O.S.1971 § 1390. The appellant asserts that while the legislature provided in 59 O.S.1971 § 328.16 that the plaintiff may have investigators, it did not intend that such investigators should "manufacture the illegal practice of dentistry."

This proposition is based on the testimony of the appellant that Gooch represented himself as being too poor to afford an implant by a licensed dentist and urged the defendant to do the work; and that the defendant finally felt sorry for Gooch. Gooch's testimony supports an interpretation that the evidence really shows merely that Gooch represented that he wanted the work done for less cost and that the defendant did the same for a fee that the defendant set and which was paid in full. Under either interpretation of the evidence, we see no entrapment in this case.

This entrapment question was involved in *Crosbie v. State*, Okl.Cr., 330 P.2d 602 (1958), where it was held that where an attorney for the dental association secured a witness merely to afford the defendant an opportunity to violate a statute requiring a license for the practice of dentistry, that the same did not constitute entrapment. In that opinion, a rule is quoted as follows:

> " 'Entrapment' is the planning of an offense by an officer, or someone acting under his direction, and his procurement by improper inducement of its commission by one who would not have perpetrated it, except for the trickery of the officer."

We are of the opinion and hold that under that rule there was no entrapment in the instant case. Here Gooch merely went to the defendant's place of business to secure a service which the defendant had to offer. Being sorry for Gooch did not alter the defendant's personal responsibility for observing the law in his own field of business.

■ We also note that Snider's testimony is to the same effect as Gooch's and there is no allegation or indication of entrapment of the defendant by Snider. We have held in an injunction case involving the illegal practice of dentistry, *Lamb v. Registered Dentists*, Okl., 492 P.2d 1401 (1972), that in connection with cumulative evidence: " * * * the admission of improper evidence is harmless when 'purely cumulative.' "

■ The appellant's second proposition attacks the constitutionality of 59 O.S.1971 § 328.19(n). The appellant's brief limits this attack to said subsection (n). This subsection along with the provision that it does not apply where there is a work authorization from a licensed dentist creates the question raised here. The constitutional question then is simply whether the law can require a work authorization from a licensed dentist before a dental technician or a dental laboratory can "furnish, supply, construct, reproduce or repair" prosthetic dentures, bridges or other substitutes for natural teeth.

The provision in the current law, "State Dental Act" of 1970, 59 O.S. § 328.19(n), is the same as far as this proposition is concerned, as the provision in the prior legislation, "State Dental Act" of 1959. See 59 O.S.1961 § 327.20(n). Under the prior act, we had occasion to determine the same constitutional issue in *Thrasher v. Board of Governors*, Okl., 359 P.2d 717 (1961).

We believe the decision in the *Thrasher* case decides the precise constitutional issue raised in this appeal. While we declined in that case to decide hypothetical constitutional questions under the various subsections where the action was brought by dental technicians not directly or immediately involved, the basic constitutional issue had to be and was decided therein. A question in that case as here was simply whether it is constitutional to require a work authorization from a licensed dentist before a dental technician or a dental laboratory can do the acts enumerated in said subsection(n).

In the Court's third syllabus in the *Thrasher* case, supra, we answered that question in this way:

"Where in the above described action, plaintiff contended that said Dental Act constitutes an unreasonable and unwarranted exercise of the State's police power, by including in its definition of 'the practice of dentistry', work such as is customarily performed by dental laboratory technicians in constructing, reproducing or repairing prosthetic dentures, bridges or other substitutes for natural teeth, and in effect, authorizing such work to be done, by such technicians, only upon the work order of a licensed dentist; Held: That such work bears a sufficient relation to the public health and welfare that these features of the Act cannot be said to place it beyond the Legislature's regulatory power, nor to constitute it an ambiguous, arbitrary, unreasonable, discriminatory, unequal and monopolistic exercise of such power, in violation and/or abridgement of plaintiff's right to engage in a lawful business and his rights under Art. II, secs. 2, 7, and 32, of the Oklahoma Constitution and the Fifth and Fourteenth Amendments of the U.S. Constitution."

The order of the trial court granting the permanent injunction is affirmed.

WILLIAMS, C. J., HODGES, V. C. J., and IRWIN, BERRY, LAVENDER, BARNES and SIMMS, JJ., concur.

DOOLIN, J., concurs in results.