**J. G. CRYAN, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–77–870.**

Court of Criminal Appeals of Oklahoma.

Aug. 24, 1978.

Ed Morrison and Lawrence D. Taylor, Tulsa, for appellant.

Larry Derryberry, Atty. Gen., Julia T. Brown, Asst. Atty. Gen., for appellee.

## OPINION

CORNISH, Judge:

J. G. Cryan was charged in the District Court, Tulsa County, Case No. M–77–870, with the offense of Practicing Dentistry Without a License, in violation of 59 O.S. 1971, § 328.1, et seq. (State Dental Act). He was found guilty and sentenced to pay a fine of One Hundred ($100.00) Dollars. The appellant seeks a declaration by this Court that the State Dental Act of 1970 is unconstitutional as being violative of the Due Process and Equal Protection Clauses of the United States and Oklahoma Constitutions. He further avers that the Act creates an unlawful monopoly in violation of the Oklahoma Constitution.

Title 59 O.S.1971, § 328.21, states in pertinent part:

"No person, . . . shall begin the practice of dentistry . . . without first applying for and obtaining a license from the Board of Governors . . . .."

Title 59 O.S.1971, § 328.19, in pertinent part states:

"Any person shall be regarded as practicing dentistry within the meaning of this act who:

\*      \*      \*      \*      \*      \*

"(m) shall take impression of the teeth and jaws;

"(n) shall furnish, supply, construct, reproduce or repair, or offer to furnish, supply, construct, reproduce or repair, prosthetic dentures (sometimes known as plates), bridges or other substitutes for natural teeth for the user or prospective user thereof;"

The statute defines when someone who is not a licensed dentist may perform the above described acts. Title 59 O.S.1971, § 328.3(k), states:

"The term 'dental laboratory technician' means an individual whose name is duly filed on the official records of the Board of Governors, which authorizes him, upon the written work authorization of a licensed dentist, to use inert materials and mechanical devices for the fabrication of any dental restorations, appliances or things to be worn in the human mouth, which services must be rendered only to the licensed dentist and not to any actual user or prospective user."

The appellant, who holds himself out as a "denturist," comes within the category of a dental lab technician as set out above. However, the appellant's name was not duly filed with the Board of Governors, nor did he at any time have a written work authorization from a licensed dentist. Further, the record shows that the appellant rendered the service of supplying a prosthesis directly to a consumer rather than to a licensed dentist.

Title 59 O.S.1971, § 328.39(g) and 328.40, make it unlawful for any dental lab technician to perform any phase of dental lab technology without a properly completed written work authorization from a licensed dentist.

The language of the State Dental Act is clear and unambiguous. The acts defined constitute the practice of dentistry and shall not be performed unless prescribed by a written work authorization from a licensed dentist.

Appellant's first assignment of error is that the State Dental Act of 1970 is unconstitutional as being violative of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution and Article II, § 2, of the Oklahoma Constitution. The appellant specifically attacks the written work authorization requirement set out in the Act.

The Supreme Court of Oklahoma in *Board of Governors of Reg. Dentists of Okl. v. Burk*, Okl., 551 P.2d 1122, 1124 (1976), held:

".  .  . The constitutional question then is simply whether the law can require a work authorization from a licensed dentist before a dental technician or a dental laboratory can 'furnish, supply, construct, reproduce or repair' prosthetic dentures, bridges or other substitutes for natural teeth."

In finding that it was constitutionally permissible to require a work authorization, the Court went on to say that it had disposed of the question in *Thrasher v. Board of Governors*, Okl., 359 P.2d 717 (1961), and in the third Syllabus stated:

"Where, in the above-described action, plaintiff contended that said Dental Act constitutes an unreasonable and unwarranted exercise of the State's police power, by including in its definition of 'the practice of dentistry', work such as is customarily performed by dental laboratory technicians in constructing, reproducing or repairing prosthetic dentures, bridges or other substitutes for natural teeth, and, in effect, authorizing such work to be done, by such technicians, only

upon the work order of a licensed dentist; Held: That such work bears a sufficient relation to the public health and welfare that these features of the Act cannot be said to place it beyond the Legislature's regulatory power, nor to constitute it an ambiguous, arbitrary, unreasonable, discriminatory, unequal and monopolistic exercise of such power, in violation and/or abridgement of plaintiff's right to engage in a lawful business and his rights under Art. II, secs. 2, 7 and 32 of the Oklahoma Constitution and the Fifth and Fourteenth Amendments to the U. S. Constitution."

■ In construing the constitutionality of a statute, this Court is not authorized to consider its propriety, desirability, wisdom, or practicality as a working proposition. *Thrasher v. Board of Governors*, supra; *Application of Oklahoma Capitol Improvement Auth.*, Okl., 355 P.2d 1028 (1960). Our function is limited to the determination of the validity or invalidity of the Act.

■ However, whether the State can control an activity for the public health, safety, comfort and welfare of its citizenry under the police power and whether that power has been exercised within the proper limitations are judicial questions, 16 Am. Jur.2d, Constitutional Law, § 283. To sustain encroachment on an individual's liberty, there should be an obvious and real connection between the regulation and its purpose to protect the public welfare and that this purpose can be served in no less restrictive means.

Appellant would argue the restriction in the instant case has no real and substantial relation to the above mentioned objects and that the Legislature cannot enact a lawful statute by invoking the police power on the pretense of protecting the public interest when the actual objective of the statute imposes unnecessary restrictions upon a lawful occupation.

■ The right of the Legislature to regulate occupations and professions for the protection of the lives, health, safety and welfare of its people is unquestioned. *Burger*

*v. Richards*, Okl., 380 P.2d 687 (1963); *Polk v. Oklahoma Alcoholic Beverage Control Bd.*, Okl., 420 P.2d 520 (1966). Further, it is within the proper exercise of the police power for the Legislature to define and declare what is deemed injurious to public health, safety and welfare. *Semke v. State ex rel. Okl. Motor Vehicle Com'n*, Okl., 465 P.2d 441 (1970).

It is apparent that the Act was designed to protect and serve the public health and is thus within the purview of the State police power. The exertion of that power in this instance, where appellant's actions involved possible peril to health or life, was exercised for an end which was for the general welfare and the means adopted were reasonably adapted to the accomplishment of that end, in that they were not arbitrary or capricious. We are of the opinion that the Act is valid and within the constitutional limitations of the police power. Based on the foregoing we find appellant's first assignment of error to be without merit.

The second assignment of error urged by the appellant is that the State Dental Act is unconstitutional as tending to create an unlawful monopoly in violation of Article II, § 32, of the Oklahoma Constitution. This proposition was also expressly rejected in the quote from *Thrasher*, supra.

The appellant contends that the legislative scheme of putting the sale of products of dental laboratories and dental technicians under the control of dentists constitutes a "tying agreement," in violation of the antitrust laws. The appellant argues that the scheme is a "per se" violation of the antitrust laws and, in the alternative, if the scheme is not found to be a per se violation, that the act should be found unconstitutional under the "rule of reason."

In *Bd. of Regents, etc. v. Nat. Collegiate Ath. Ass'n*, Okl., 561 P.2d 499, 505 (1977), the Oklahoma Supreme Court stated:

" . . . Per se violations of antitrust laws are those agreements or practices which because of their pernicious effect on competition and lack of any redeeming virtue are conclusively presumed to be unreasonable and, therefore, illegal without elaborate inquiry as to the precise harm they cause or the excuse for their use. . . ."

The contested provisions of the Dental Act cannot be said to be lacking of any redeeming virtue.

In a "rule of reason" analysis, the fundamental test of the reasonableness of a restraint is its effect on the public and it must appear that conduct tends to or is reasonably calculated to prejudice the public interest. *Bd. of Regents, etc. v. Nat. Collegiate Ath. Ass'n*, supra.

It is imminently reasonable for the State to concern itself with the health and safety of the public. The State Dental Act is calculated to protect the public rather than prejudice it. There has been no per se violation and the test of reasonableness of restraint has been satisfied.

The judgment and sentence appealed from is, hereby, *AFFIRMED*.

BUSSEY, P. J., and BRETT, J., concur.