The STATE of Oklahoma, Appellant,

v.

Gary Wayne NEVINS, Becky Ann Hendrix and John Arthur Tucker, Appellees.

Nos. 0–78–510, 0–78–511.

Court of Criminal Appeals of Oklahoma.

May 5, 1980.

S. M. Fallis, Jr., Dist. Atty., William R. Edmison, Asst. Dist. Atty., Tulsa County, for appellant.

Frank Keating, William C. Kellough, Blackstock, Joyce, Pollard, Blackstock & Montgomery, Tulsa, for appellee Gary Wayne Nevins.

Larry Gullekson, Tulsa, for appellees Becky Ann Hendrix and John Arthur Tucker.

OPINION

BRETT, Judge:

Gary Wayne Nevins was arrested in Tulsa on the charge of Selling Beer Where Dancing is Conducted, in violation of 37 O.S.1971, § 211, in Case No. CRM–78–445. Becky Ann Hendrix and John Arthur Tucker were charged in Tulsa County Case No. CRM–78–446 with the violation of 37 O.S. 1971, § 211. The cases were consolidated for hearing on the appellants' motion to dismiss, and on May 18, 1978, Judge Earl Truesdell granted the appellants' motion to dismiss on the grounds that the statute improperly differentiates between owners and operators of establishments where "nonintoxicating" alcoholic beverages are sold and the owners and operators of "private" liquor clubs. The State appealed under the provisions of 22 O.S.Supp.1978, § 1053.1.

Clearly, the State has broad latitude in its power to control activity for public health and the safety, comfort, and welfare of its citizens. *Cryan v. State*, Okl. Cr., 583 P.2d 1122 (1978). Clearly also, the

252

control of liquor traffic comes within the State's police powers. *Application of Kay*, Okl.Cr., 341 P.2d 284 (1959). The United States Supreme Court indicated in *California v. LaRue*, 409 U.S. 109, 114, 93 S.Ct. 390, 395, 34 L.Ed.2d 342 (1972), that the Twenty-First Amendment to the United States Constitution gives the states more authority to control liquor traffic than the usual police power, although later in *Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976), the Court said that the Twenty-First Amendment did not alter the use of equal protection standards that otherwise would govern that case.

This Court has recognized that its function in determining the validity of policing statutes such as the one in question in this case is not to consider the "propriety, desirability, wisdom or practicality" of the statute, but that in order to be sustained, there must be an obvious and real connection between the police regulation and its purpose. See *Cryan v. State*, supra. The Supreme Court of Kansas declared unconstitutional a similarly worded municipal ordinance on the ground that the proscription was not reasonably calculated to "promote the public health, sanitation, morals or general welfare." *City of Baxter Springs v. Bryant*, 226 Kan. 383, 598 P.2d 1051 (1979). We agree with the Kansas Court.

Furthermore, the statute in question, 37 O.S.1971, § 211, prohibits the sale or dispensing of beverages containing more than 0.5 of 1.0 percent of alcohol by volume and not more than 3.2 percent of alcohol by weight (hereinafter 3.2 beer) on premises where public or private dancing is conducted or permitted, while a later section, 37 O.S.1971, § 216, exempts from the prohibition hotels legally licensed to sell 3.2 beer, dancing in private homes, private dances conducted for recreational purposes and not for profit by bona fide lodges, posts, clubs, fraternal, benevolent, or charitable organizations. In 1945 this Court declared in *Ex parte Strauch*, 80 Okl.Cr. 89, 157 P.2d 201, that these numerous exemptions to prohibition did not deny persons with licenses to sell 3.2 beer equal protection of the law. In so doing, this Court stressed that no real

distinction between 3.2 beer and intoxicating liquor could be made for purposes of regulation, so the State had the same right to regulate businesses selling 3.2 beer as it had to regulate places selling intoxicating liquors.

The Court also found that while it might doubt the Legislature's wisdom in passing the statute, it presumed that the Legislature had done some investigating before passing the statute. It further presumed that had the Legislature investigated, it might have found that there were only four or five licensed hotels in Oklahoma where 3.2 beer was sold and dancing was permitted, and that often dances at licensed hotels were given for the benefit of hotel guests and friends. The Court found also that those considerations and "others" were "probably" called to the Legislature's attention and that the Legislature might have found that hotel managers would be "more careful" than others in supervising public dances. Further, the Court found that young people, including minors, were prohibited from drinking beer and that it was "conceivable that it would be more difficult to enforce this regulation and easier to evade it elsewhere, than under the different conditions which the Legislature conceivably may have found to exist in dancing as usually conducted in the excepted places." *Ex parte Strauch*, supra, at 215.

Be that as it may, a police regulation which is valid when it is enacted may become arbitrary and confiscatory because of later events. *Cole-Collister Fire Protection District v. City of Boise*, 93 Idaho 558, 468 P.2d 290 (1970). At the time *Strauch* was decided, there may have been only four or five licensed hotels in the entire State of Oklahoma in which 3.2 beer was sold and dancing was permitted. A quick look in the Oklahoma City telephone directory yellow pages shows well over sixty hotels and motels listed in the Oklahoma City area alone. The distinction between motels and hotels in which the public may drink 3.2 beer and dance and other public places which sell 3.2 beer seems to us to be completely arbitrary.

Therefore, we hold that 37 O.S.1971, § 211, is not a valid exercise of the State's police power, and it is therefore void.

CORNISH, P. J., concurs.

BUSSEY, J., concurs in results.

