Eugene BUTLER, Appellant,

v.

The BOARD OF GOVERNORS OF the
REGISTERED DENTISTS OF
OKLAHOMA, Appellee.

No. 52851.

Supreme Court of Oklahoma.

Oct. 28, 1980.

Hammons & Wolking, Inc. by Mark Hammons, El Reno, for appellant.

James E. Poe, Tulsa, for appellee.

BARNES, Justice:

In this case, we are asked to determine whether the Trial Court erred in enjoining the Appellant, Eugene Butler, a dental technician, from engaging in certain activities, including the performing of any act defined by statute as constituting the practice of dentistry, including: taking of impressions of teeth, jaws, or gums of members of the public; furnishing, supplying, constructing, reproducing or repairing or offering to furnish, supply, construct, reproduce, or repair prosthetic dentures (sometimes known as plates), bridges or other substitutes for natural teeth; adjusting or attempting to adjust any prosthetic denture, bridge, dental appliance, or other structure to be worn in the human mouth.

The action in which the restraining order was secured was filed by The Board of Governors of the Registered Dentists of Oklahoma.

In appealing from the issuance of the injunction, Appellant attacks the judgment below on the following grounds:

(1) That The Board of Governors of the Registered Dentists of Oklahoma lacked the capacity to sue because its organizing statutes constituted an unconstitutional deprivation of equal protection and due process.

(2) That The Board of Registered Dentists of Oklahoma lacked the capacity to sue because its organizing statutes constituted an unconstitutional delegation of public power to private individuals.

(3) That the Trial Court erred in interpreting 59 O.S. § 328.19(k) (1971) as prohibiting the cleaning of dentures.

(4) That the Trial Court's order restraining Appellant from placing certain newspaper ads was a denial of the Appellant's First Amendment right of free speech.

I.

■ We will first address Appellant's proposition that The Board of Governors of Registered Dentists lacked the capacity to sue because its organizing statutes constitute an unconstitutional deprivation of equal protection and due process of law.

These same arguments were made against The Board of Governors of Registered Dentists in a case recently decided by this Court, *Berry v. Board of Governors of Registered Dentists of Oklahoma,* 611 P.2d 628 (Okl.1980). In that case, we held that the Board was constitutionally composed. In so holding, we stated:

"The Board as constituted is not independent to the extent that it can impose limitations or regulations on the practice of prosthetic dentistry. The power to regulate the practice is imposed by statute and the Board's authority extends only to its enforcement. Therefore, we find no unconstitutional deprivation of equal protection or due process of law."

We see no reason to vary from our recent holding today. Therefore, we find no merit to Appellant's contention that The Board of Governors of Registered Dentists, by virtue of its organizing statutes, constitutes an unconstitutional deprivation of equal protection and due process.

II.

■ We next address Appellant's proposition that The Board of Governors of Registered Dentists lacks the capacity to sue for injunction because its organizing statutes constitute an unconstitutional delegation of public power to private individuals.

The same argument was made in *Berry v. Board of Governors of Registered Dentists, supra.* In holding that the statutes creat-

ing the Board did not contain a grant of an unlawful delegation of public power to a private group, we stated:

"The denturists charged the injunction was improperly brought by the Board because the State Dental Act, 59 O.S.1971 §§ 328.1–328–52, grants an unlawful delegation of public power to a private group and that the Board was not the real party in interest. We do not agree. The Board is a statutory and constitutional entity, with the power to seek injunctive relief specifically granted by 59 O.S.1971 § 328.-49. The right of the Board of Governors, as well as that of 'The Registered Dentists of Oklahoma,' to bring an action for injunctive relief was acknowledged in *Lamb v. Registered Dentists*, 492 P.2d 1401, 1402 (Okl.1972)." [Footnote omitted]

As both The Board of Governors of Registered Dentists and The Registered Dentists of Oklahoma are duly constituted public entities, created by the Legislature, we find no merit to the Appellant–denturist's position that the State Dental Act, supra, delegates public powers to private entities.

Accordingly, we hold that The Board of Governors of Registered Dentists of Oklahoma possesses the capacity to bring an action to seek injunctive relief.

### III.

Having held that the Board had the capacity to bring suit seeking injunctive relief against Appellant, we next determine whether the Trial Court erred in issuing an injunction under the facts before it.

Other than his attack on The Board of Governors' capacity to bring injunctive action, Appellant does not contend that the Trial Court erred in issuing an injunction, but, rather, contends that certain elements of the injunction were not proper. In granting injunctive relief, the Court stated:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, Eugene Butler, be and is hereby *permanently and perpetually enjoined and restrained from practicing dentistry without a license* within this county and the state of Oklahoma and from performing any acts defined by statute as constituting the practice of dentistry, which said prohibited acts specifically include the following: Taking impressions of the teeth, jaws, or gums of members of the public; furnishing, supplying, constructing, reproducing or *repairing* or offering to furnish, supply, construct, reproduce or repair prosthetic dentures (sometimes known as plates), *bridges or other substitutes for natural teeth* for the user or prospective user thereof; adjusting or attempting to or professing to adjust any prosthetic denture, bridge, dental appliance, or other structure to be worn in the human mouth; owning, maintaining, or operating an office or offices by holding a financial interest in same for the performance of said acts; *or from holding yourself out in any way as one engaged in said acts or qualified to engage therein.*

"IT IS FURTHER AND SPECIFICALLY ORDERED that you permanently and perpetually cease and desist doing or performing any of said acts personally or authorizing or permitting the same to be done through agents, servants, employees or others acting by or pursuant to your direction and control." [Emphasis added]

During the course of the injunction hearing, when it became apparent that the Court would enter an injunction, defendant Butler requested the Court to make two specific findings. First, the defendant below asked the Court whether a certain newspaper ad run by him was, in the Court's mind, a violation of the State statute. The Court found that the advertisement did violate the statute, as it would violate the provisions of 59 O.S. § 328.19, which defines the practicing of dentistry as, among other things, holding one's self out, in any way, ". . . as being able to diagnose or profess to diagnose or examine clinical material and contract for the treatment thereof . . . ."

Secondly, the defendant below asked the Trial Court to make a specific finding as to

whether the cleaning of dentures would constitute the practice of dentistry, and therefore be prohibited. As in the first instance, the Court found that the cleaning of dentures constitutes the practice of dentistry, and that the defendant was therefore prohibited from engaging in such practice.

The defendant argues that neither the publication of the ad in question, nor cleaning of dentures, constitutes the "practice" of dentistry within the meaning of the "State Dental Act", and that therefore the Trial Court erred in ruling that such actions came within the purview of the Court's injunction, which prohibited the defendant from engaging in the "practice of dentistry."

We agree with defendant's contentions.

The ad which the Court held constituted holding one's self out as being able to diagnose or profess to diagnose or examine clinical material and contract for the treating thereof—thus constituting the practice of dentistry—read as follows:

"DENTURIST
Can Save You Up To
50% On Dentures,
Partials, Relines &
Repairs
CALL
OR WRITE
Citizens for Denturism
311 E. Stanford
Enid, Ok 73701
233–3087"

The ad also featured a line drawing of an upper plate.

The defendant's attorney, in arguing to the Trial Court, pointed out that in this particular ad the defendant below did not offer himself as conducting a business, but, rather, advocated a particular subject matter which is the topic of legislation presently and falls within the protection of the area of free speech. Counsel continued, arguing that the Court may not restrain, nor may any public body restrain, a person's opportunity to speak out on a political issue. Denturism, according to the defendant's counsel, certainly falls within the area that is protected by free speech and the defend-

ant has the right to advertise to encourage support for denturism.

We would note that in the ad the defendant is not offering to do any unlawful act. Rather, the ad indicates that denturists can save public money, and asks those interested to contact Citizens for Denturism.

■ We hold that the placing of such an ad does not constitute the practice of dentistry as defined by 59 O.S. § 328.19 (1971). This is not to say, however, that if the placement of such an ad was shown, on a factual basis, to be a subterfuge, and that those who called or wrote Citizens for Denturism were offered services which constitute the practice of dentistry by a non–dentist, that such advertisements could not be prohibited. However, the placement of the ad alone does not constitute the practice of dentistry, and cannot be prohibited by the Trial Court.

Lastly, we consider whether the Court was correct in holding that the cleaning of dentures constituted the practicing of dentistry as it is defined by 59 O.S. § 328.19. Appellant argues that the cleaning of dentures does not constitute the practice of dentistry because subsection (k) of Section 328.19 of Title 59 merely includes the removal of stains, discolorations, or concretions *from teeth*, and does not include the removal of stains or discolorations from prosthetic dentures (sometimes known as plates).

■ In examining 59 O.S. § 328.19 as a whole, we agree with Appellant's contention. The term "teeth", as used in that Section, clearly refers to human teeth, and not artificial teeth. For example, the practice of dentistry is deemed to include the removal of teeth, the repairing or filling of cavities in teeth, attempts to correct malformed teeth, and the taking of impressions of teeth. On the other hand, when the statute is dealing with dentures, it clearly indicates it is doing so by referring to them as "prosthetic dentures (sometimes known as plates), bridges or other substitutes for natural teeth", "appliances, or other structures to be worn in the human mouth."

The term "teeth", as used in Section 328.19 of Title 59 includes human teeth only and does not include prosthetic substitutes for natural teeth. Accordingly, we hold that the Trial Court erred in holding that the provisions of that Section include the cleaning of dentures within the definition of the practice of dentistry.

For the above stated reasons, we affirm the action of the Trial Court, save its rulings that the placing of the ad quoted above would constitute the practice of dentistry, and that the cleaning of dentures constituted the practice of dentistry.

AFFIRMED IN PART AND REVERSED IN PART.

LAVENDER, C. J., and WILLIAMS, SIMMS, DOOLIN, HARGRAVE and OPALA, JJ., concur.