Dear Executive Director Linda Campbell,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 Based upon 59 O.S. 2001, § 328.19[59-328.19] (A)(11), (13) is teeth bleaching the practice of dentistry when a person or entity which is neither licensed nor authorized under the State Dental Act makes impressions of a consumer's teeth and produces a custom tray which is provided to the consumer at the time of purchase?
¶ 1 The State Dental Act ("Act"), 59 O.S. 2001, §§328.1-328.51a, governs dentistry in Oklahoma. The Legislature has declared that because the practice of dentistry affects the public health, safety and general welfare, the regulation and control of the profession is in the public's best interest. Id.
§ 328.2. The Legislature further intends that only properly qualified dentists be permitted to practice dentistry, and that all provisions of the Act related to the practice of dentistry be liberally construed to carry out the Act's purposes. Id.
¶ 2 Acts which constitute the practice of dentistry in Oklahoma are defined by statute at 59 O.S. 2001, § 328.19[59-328.19]. The subsections of that statute relevant to your question read as follows:
 A. The following acts by any person shall be regarded as practicing dentistry within the meaning of the State Dental Act:
. . . .
 11. Offering or undertaking, by any means or methods, to remove stains, discolorations, or concretions from the teeth;
. . . .
13. Taking impressions of the teeth and jaws[.]
Id.
¶ 3 No one may practice dentistry in Oklahoma without first obtaining the proper license (for dentists) or certificate (for dental hygienists) from the State Board of Dentistry. Id. § 328.21. Practicing or attempting to practice dentistry without proper authorization from the Board is a misdemeanor, and carries criminal and civil penalties. Id. § 328.49(C), (D).
¶ 4 According to the legislative declaration in Section 328.2 cited above, we are to liberally construe the Act in carrying out its purposes of protecting the public health, safety and welfare from unqualified dental practitioners. Id. The language of Section 328.19(A)(11), (13) is clear that offering to remove, or actually removing, by any means, stains and discolorations from the teeth, and taking impressions of the teeth, constitutes the practice of dentistry. When statutory language is plain and its meaning clear, its evident meaning must be accepted. Jackson v.Indep. Sch. Dist. No. 16, 648 P.2d 26, 29 (Okla. 1982).
¶ 5 We note that your question does not address situations in which consumers apply whitening products to, or make impressions of, their own teeth. While these actions are literally the "practice of dentistry" under Section 328.19(A)(11), (13), saying that such consumers are subject to regulation under the Act would be absurd and cannot have been the Legislature's intention, nor would it fulfill the legislative purpose of protecting the public from unqualified dental practitioners. "The Legislature will not be presumed to have intended an absurd result, and a statute should be given a sensible construction, bearing in mind the evils intended to be avoided. . . ." AMF Tubescope Co. v.Hatchel, 547 P.2d 374, 379 (Okla. 1976).
¶ 6 In the situation you describe, a person or entity offers to whiten consumers' teeth by making impressions of their teeth and creating custom mouthpieces, called "trays." The custom trays are filled with a whitening product, also provided by the person or entity, and worn by the consumer for designated periods each day over some specified duration. The person or entity is therefore offering or undertaking to remove stains and discolorations from the teeth, as well as taking impressions of the teeth, acts which constitute the practice of dentistry under the Act, 59 O.S.2001, § 328.19[59-328.19](A)(11), (13), and which require authorization by the Board.
¶ 7 Creating custom trays implicates another section of the Act, which governs the manufacture by both dentists and non-dentists of devices to be worn in the mouth. Id. § 328.36(A), (C). Pursuant to Section § 328.36(A), you cite health and safety concerns over who regulates the facility in which the trays are made and whether infectious disease control practices are used in manufacturing and handling the trays.
¶ 8 The Act requires that custom trays be made in a dental laboratory by a dental laboratory technician pursuant to a dentist's prescription; further, this service must be rendered only to the prescribing dentist, not to the public:
 9. "Dental laboratory" means a location, whether in a dental office or not, where a dentist or a dental laboratory technician performs dental laboratory technology;
 10. "Dental laboratory technician" means an individual whose name is duly filed in the official records of the Board [of Dentistry], which authorizes the technician, upon the laboratory prescription of a dentist, to perform dental laboratory technology, which services must be rendered only to the prescribing dentist and not to the public;
 11. "Dental laboratory technology" means using materials and mechanical devices for the construction, reproduction or repair of dental restorations, appliances or other devices to be worn in a human mouth[.]
59 O.S. 2001, § 328.3[59-328.3].
¶ 9 Although the Act does not define "custom tray," a tray which has been created from an impression of an individual's teeth, and which is intended to be filled with a whitening agent and worn against the teeth, would qualify under subsection 328.3(11) as an "appliance or other device to be worn in a human mouth." Creating a custom tray thus involves "dental laboratory technology" as defined by the Act. The Act requires that any person, firm, corporation, partnership or other legal entity which wishes to operate a dental laboratory in Oklahoma must apply for a permit to do so from the Board of Dentistry, which will evaluate the applicant's qualifications. Id. § 328.36(A).
¶ 10 The Act has been interpreted, in situations similar to the one you describe, by both the Oklahoma Court of Criminal Appeals and the Oklahoma Supreme Court. The courts have applied the Act to denturists, who also make impressions of the teeth and construct devices to be worn in the mouth. Cryan v. State,583 P.2d 1122 (Okla.Crim. 1978); Butler v. Bd. of Governors ofRegistered Dentists, 619 P.2d 1262 (Okla. 1980). In Cryan,
the court held that denturists come under the definition of "dental laboratory technician" and that because Cryan had failed to file his name with the Board of Dentistry, made a dental prosthesis without a dental prescription, and supplied it directly to a consumer rather than to a licensed dentist, he was guilty of a misdemeanor. Cryan, 583 P.2d at 1123-24.
¶ 11 Similarly, in Butler, the court upheld an injunction preventing Butler from making impressions of consumers' teeth and supplying them with structures to be worn in the mouth. Butler,
619 P.2d. at 1264. In both cases, the courts found that making impressions of the teeth and creating devices to be worn in the mouth constituted the practice of dentistry under the Act.
¶ 12 Applying these cases to the situation about which you ask, we conclude that a person or entity which offers to make, or makes, custom trays for consumers for use in conjunction with teeth whitening products engages in the practice of dentistry as defined in the Act, and such practice must be authorized by the Board of Dentistry.
¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
 While consumers may make impressions of their own teeth to create mouthpieces, or "trays," for use with teeth whitening products, a person or entity which offers to make, or makes, custom trays for consumers engages in the practice of dentistry as defined in 59 O.S. 2001, § 328.19(A)(11), (13), and must be authorized to do so by the State Board of Dentistry. Id. § 328.21.
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 DEBRA SCHWARTZ Assistant Attorney General