COMBS, C.J., dissenting:
¶1 Initiative Petition No. 415, State Question No. 793 constitutes unconstitutional logrolling in violation of Okla. Const. art. 24, § 1. It presents voters with an unpalatable all-or-nothing choice by simultaneously loosening restrictions on very different professions that have separate regulatory concerns. See Thomas v. Henry , 2011 OK 53, ¶ 26, 260 P.3d 1251 ("The question is not how similar two provisions in a proposed law are, but whether ... the provisions ... are so unrelated that many of those voting on the law would be faced with an unpalatable all-or-nothing choice."). If any one of the propositions in an initiative petition such as this is not such that the voter supporting it would reasonably be expected to support the principle of the others, then there are in reality two or more amendments to be submitted and the proposed amendment falls within the constitutional prohibition. In re Initiative Petition No. 344, State Question No. 630 , 1990 OK 75, ¶ 8, 797 P.2d 326 ;
*1168 In re Initiative Petition No. 314 , 1980 OK 174, ¶ 62, 625 P.2d 595.
¶2 Though the work of optometrists and opticians is related, insomuch as both professions are part of the eye care industry, they are still very different when it comes to role, practice and regulation. As Petitioners correctly point out, optometrists are medical professionals and opticians are trained suppliers of specialized goods. Optometrists are subject to strict licensing and regulation, in part focused on providing a safe and clean environment. See 59 O.S. 2011 § 585(A)(5) ; OAC 505:10-5-1. In the end, optometrists are held responsible for the devices furnished by opticians. See 59 O.S. 2011 § 942(B)(2). The differences between the two roles are fairly stark. In fact, the differences between the two are similar to the differences between dentists and denturists; differences which this Court has noted repeatedly over the past few decades. Butler v. Bd. of Governors of Registered Dentists of Okla. , 1980 OK 162, 619 P.2d 1262 ; Berry v. Bd. of Governors of Registered Dentists of Okla. , 1980 OK 45, 611 P.2d 628 ; Bd. of Governors of Registered Dentists of Okla. v. Burk , 1976 OK 70, 551 P.2d 1122.
¶3 Respondents and the majority both cite to In re Initiative Petition No. 360, State Question No. 662 , 1994 OK 97, 879 P.2d 810, where this Court determined that a proposed amendment did not violate the constitution merely because it attempted to enact term limits on both Senators and Representatives, though each have distinct responsibilities. Those two jobs, though having separate responsibilities, do not suffer from the same stark difference that is medical professional vs. craftsman and they do not have different impacts on public health. What matters is the choice forced upon the voter, and in this matter it is easy to see why a voter might reasonably favor looser regulation and expanded access to opticians but balk at the same changes being made to the profession of optometry. Respectfully, I must dissent.